UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

-vs-                                                               Case No. 6:08-cr-852-Orl-19DAB

**DEREK P. THIBODEAU,**

        **Defendant.**
_____

# ORDER

This case comes before the Court on the following:

1. Sentencing Hearing Held on April 10, 2009 (Doc. No. 38, filed Apr. 13, 2009);

2. Memorandum of Defendant in Opposition to Conditions of Supervised Release (Doc. No. 40, filed Apr. 17, 2009); and

3. Response of the United States to Defendant's Memorandum on Conditions of Supervised Release (Doc. No. 42, filed Apr. 24, 2009).

**Background**

Defendant Derek P. Thibodeau pled guilty to four counts of violating 18 U.S.C. § 1470 (2006), an offense labeled "Transfer of Obscene Material to Minors." Specifically, the counts to which Thibodeau pled guilty allege that he transmitted pictures of his penis, including a webcam video of himself masturbating, to a female whom he believed to be thirteen years old. (Presentence Investigation Report ¶¶ 1-8.) That female was actually an undercover officer posing as a child. (*Id.*)

At the sentencing hearing, the parties agreed that the Eleventh Circuit's decision in *United States v. Dodge*, 554 F.3d 1357, 1363-64 (11th Cir. 2009), applied to this case. Thus, consistent

with that decision, they agreed that a conviction under 18 U.S.C. § 1470 for the circumstances in this case did not require registration pursuant to the Sex Offender Registration and Notification Act as a tier one sex offender. The issue before the Court then became whether Thibodeau's crime of conviction and underlying conduct nevertheless warranted several supervised release conditions that are commonly imposed on sex offenders. Specifically, Thibodeau objected to the following requirements: (1) that he register as a sex offender when required by state law; (2) that he was not permitted to have access to the internet, was prohibited from making computer-related purchases, and, to ensure his compliance, would be required to submit financial information upon the probation officer's request; and (3) that he could not have contact with minors except for his own daughter.

During argument on the issue, Thibodeau's counsel indicated that he was aware of case law regarding the extent to which courts may impose conditions of supervised release that are not explicitly required by the Sentencing Guidelines or a separate statute. The Court instructed counsel to submit a memorandum of law within one week, and it allowed counsel for the Government a week to respond. The Court tentatively imposed the three conditions listed above pending resolution of Thibodeau's objections.

On April 27, 2009, several days after the Government's Response was submitted, the Eleventh Circuit vacated the panel opinion in *Dodge* and set the case for an *en banc* rehearing. *United States v. Dodge*, No. 08-10802, — F.3d —, 2009 WL 1110549, at * 1 (11th Cir. Apr. 27, 2009). Thus, the Court is no longer bound by the *Dodge* panel opinion. Accordingly, the Court gives notice to the parties that it is considering imposing the conditions of supervised release delineated at the previous hearing, with the following modifications:

- **The following previously omitted condition to be added**: The probation officer shall provide state officials with all information required under the Florida sexual predator and sexual offender notification and registration statutes (F.S. 943.0435) and/or the Sex Offender Registration and Notification Act (Title I of the Adam Walsh Child Protection and Safety Act of 2006, Public Law 109-248), and may direct Thibodeau to report to these agencies personally for required additional processing, such as photographing, finger printing, and DNA collection.

- **The condition limiting Thibodeau's contact with persons under the age of 18 may be modified as follows**: Thibodeau shall have no direct contact with minors (persons under the age of 18) except for members of his family without the prior written approval of the probation officer and shall refrain from entering into any area where children frequently congregate, including: schools, daycare centers, theme parks, and playgrounds.

The Court will schedule a hearing by separate notice to resume the sentencing. During this hearing, the parties will be permitted to present argument and objections to the modified terms of Defendant's supervised release.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on May 3, 2009.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record