# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**-vs-**                                                                    **Case No. 6:08-cr-252-Orl-19DAB**

**DEREK P. THIBODEAU,**
        **Defendant.**
_____

## ORDER

This case comes before the Court on the following:

1. Federal Rule of Criminal Procedure 36 Motion to Correct Judgment by Derek P. Thibodeau (Doc. No. 57, filed Sept. 1, 2011); and

2. Response to Defendant's Motion to Correct Judgment Pursuant to Rule 36 of the Federal Rules of Criminal Procedure by United States of America, (Doc. No. 58, filed Sept. 9, 2011).

### Background

On November 19, 2008, the Grand Jury returned an eight-count Indictment charging Defendant Derek P. Thibodeau with attempted transmission of obscene material to a minor in violation of 18 U.S.C. § 1470. (Doc. No. 1.) On December 16, 2008, Defendant entered a written Plea Agreement and pled guilty to Counts 1, 3, 4, and 8 of the Indictment. (Doc. No. 23.) The Court accepted the guilty plea and entered Judgment, sentencing the Defendant to twenty-eight (28) months imprisonment on July 27, 2009. (Doc. No. 48.) Counts 2, 5, 6, and 7 of the Indictment were dismissed pursuant to the Plea Agreement. (Doc. No. 46.) Defendant did not file a direct appeal.

On October 14, 2010, Defendant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set

Aside, or Correct Sentence by a Person in Federal Custody. (Doc. No. 50.) In the Motion, Defendant argued that he was entitled to jail time credit on his federal sentence from the date he was transferred from state custody to federal custody, November 24, 2008, until the date he "went to [state] prison," September 18, 2009. (*Id.* at 4.) The Court denied Defendant's § 2255 Motion on November 14, 2010, finding that it lacked jurisdiction to review the Motion in light of Defendant's failure to allege or show that he had exhausted his administrative remedies with the Bureau of Prisons. (Doc. No. 52.)

On September 1, 2011, Defendant filed the present Federal Rule of Criminal Procedure 36 Motion to Correct Judgment. (Doc. No. 57.) The Government responded in opposition on September 9, 2011. (Doc. No. 58.)

**Analysis**

Federal Rule of Criminal Procedure 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."[1] The Eleventh Circuit has repeatedly recognized that Rule 36 only allows for the correction of "clerical mistakes," stating that "Rule 36 may not be used 'to make a substantive alteration to a criminal sentence.'" *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004) (quoting *United States v. Pease*, 331 F.3d 809, 816 (11th Cir. 2003)); *see also United States v. Whittington*, 918 F.2d 149, 151 (11th Cir. 1990) (holding that Rule 36 may not be used by the district court to fundamentally alter the

---

[1] Federal Rule of Criminal Procedure 35(a) provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." In the present case, Defendant filed the Motion to Correct Judgment more than fourteen days after sentencing. Because the fourteen-day time limit is jurisdictional, this Court lacks authority to consider the merits of the instant Motion under Rule 35(a). *United States v. Phillips*, 597 F.3d 1190, 1196-97 (11th Cir. 2010).

defendant's sentence from three to five years imprisonment in an attempt to conform the sentence to the intention of the parties as reflected in the plea agreement which provided that the prisoner would serve exactly five years); *United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995) (finding that "Rule 36 covers only minor, uncontroversial errors," and that a district court has no jurisdiction to correct a defendant's sentence where the corrections are aimed at remedying errors of law). However, under Rule 36, a district court may correct "clerical" errors in a written judgment at any time; for example to ensure that the written judgment is in accord with the oral sentence. *United States v. Bates*, 213 F.3d 1336, 1340 (11th Cir. 2000) (citing *United States v. Khoury*, 901 F.2d 975, 977 (11th Cir. 1990)).

In the present case, Defendant does not seek to correct a clerical error in the Judgment, an order, or any other part of the record. Instead, Defendant asks the Court to make a substantive amendment to his sentence. Specifically, Defendant requests that the Court alter the Judgment, entered on July 27, 2009, to state that Defendant's federal sentence is to run concurrently with a state sentence that was entered by the Eighteenth Judicial Circuit, in and for Brevard County, Florida on August 31, 2009. (Doc. 57 at 4.) Furthermore, Defendant seeks the addition of an amendment stating that "concurrent sentence credit should include pre-judgment jail credit." (*Id*.)

While the Defendant is correct in noting that the Judgment entered by this Court is silent with respect to whether the federal sentence was to run concurrent with or consecutive to the state sentence, the Judgment does not reference the state sentence because both the state information and the state judgment were filed *after* July 27, 2009, the date Judgment was entered in the present case. Thus, the addition of a reference to the state sentence would not correct a "clerical mistake" within the meaning of Rule 36. Rather, the addition of such reference would amount to a substantive alteration in the Defendant's criminal sentence. Accordingly, this Court lacks jurisdiction to enter

the requested amendments to the Judgment under Rule 36.

To the extent the Motion to Correct Sentence and the relief requested therein, specifically Defendant's request for jail time credit, may have been raised in a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, this Court lacks jurisdiction to consider such a petition because Defendant does not allege any facts or produce any evidence demonstrating that he has exhausted all administrative remedies with the Bureau of Prisons. *United States v. Williams*, 425 F.3d 987, 990 (11th Cir. 2005) (finding that "a federal prisoner dissatisfied with the computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence"); *United States v. Lucas*, 898 F.2d 1554, 1556 (11th Cir. 1990) (holding that the failure to exhaust administrative remedies with the Bureau of Prisons in challenging the calculation of custody credits is jurisdictional and vacating the district court's denial of the petition on the merits with instruction that the petition should be dismissed). Accordingly, the Court may not reach the merits of Defendants' request for jail time credit.

## Conclusion

Based on the foregoing, the Federal Rule of Criminal Procedure 36 Motion to Correct Judgment by Derek P. Thibodeau, (Doc. No. 57, filed Sept. 1, 2011), is **DENIED without prejudice** to the filing of a 28 U.S.C. § 2241 petition after exhaustion of administrative remedies with the Bureau of Prisons.

**DONE** and **ORDERED** in Orlando, Florida on September 12 , 2011.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:
Derek P. Thibodeau